Joshua B. Kirkpatrick
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado  80202
Telephone:  (303) 629-6200
Facsimile:  (303) 629-0200
E-mail:  jkirkpatrick@littler.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY LENHARDT,<br><br>   Plaintiff,<br><br>v.<br><br>SYSCO CORPORATION,<br><br>   Defendant. | CASE NO. _____ |

## DEFENDANT SYSCO CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, and Local Civil Rule 3.3,  Defendant Sysco Corporation ("Sysco")  gives notice of the removal of this action to the Court from the Thirteenth Judicial District Court of Montana, Yellowstone County, Montana.  The basis for removal is set forth below.

### STATE-COURT ACTION

1. On June 27, 2016, Plaintiff Tracy Lenhardt ("Lenhardt") filed a complaint for declaratory judgment under Montana law in the Thirteenth Judicial District Court of Montana, in Yellowstone County, Montana, captioned *Tracy*

1

*Lenhardt v. Sysco Corporation*, Case No. DV 16-0904 (the "Montana Action"). On July 11, 2016, Lenhardt filed an amended complaint. On August 12, 2016, Lenhardt filed a second amended complaint ("Second Amended Complaint"). (*See* Compl., Ex. B).

2. On October 3, 2016, Lenhardt served Sysco through its registered agent with a copy of the Second Amended Complaint. (*See* Ex. A at 1.) Because this Notice of Removal is filed within thirty days of Sysco's having first received service of the Summons and Second Amended Complaint, it is timely filed under 28 U.S.C. § 1446(b)

## FEDERAL QUESTION JURISDICTION

3. The Court has original jurisdiction under 28 U.S.C. § 1331 because the allegations in Lenhardt's Second Amended Complaint present claims completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, as amended. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005).

4. During Lenhardt's employment with Sysco, she received certain restricted stock unit ("RSU") awards. (Ex. B ¶ 8.) In return for the RSUs, Lenhardt agreed to be bound by certain restrictive covenants. (Ex. B ¶ 8.)

5. On April 7, 2016, Sysco informed Lenhardt that as "of July 2, 2016, [her] job will be eliminated." Sysco provided Lenhardt with the option of accepting a new position with it or accepting an involuntary severance benefits package ("Severance Package"). The Severance Package, in pertinent part, requires Lenhardt to adhere to her ongoing restrictive covenants. The Severance Package is part of Sysco's severance plan ("Severance Plan") (attached and incorporated herein as Ex. C).

6. As described by the Severance Plan itself, the Severance Plan is an employee welfare benefit plan as defined by ERISA. *See* 29 U.S.C § 1002(1). (Ex. C at 1.) Because the Severance Plan requires an "ongoing administrative program," ERISA covers it. *See Fort Halifax v. Coyne*, 482 U.S. 1, 12 (1987).

7. Lenhardt brings the Montana Action under the Uniform Declaratory Judgment Act, Mont. Code. Ann. §§ 27-8-101 *et seq*. Lenhardt seeks a declaration that the Non-Compete Agreement between her and Sysco is unenforceable. (Ex. B ¶ 12, Ex. B at 6.) Also, Lenhardt seeks injunctive relief prohibiting Sysco from withdrawing the Severance Package (Ex. B ¶ 16) and simultaneously seeks damages related to Sysco's rescinding the Severance Package (Ex. B ¶ 17). Lenhardt's Montana Action, therefore, seeks to hold Sysco liable for benefits under the Severance Plan and a clarification of her rights under the Severance Plan.

8. Because Lenhardt seeks a declaration of her rights under the Severance Plan and to recover benefits under the Severance Plan, such claims are properly characterized as arising under ERISA. 29 U.S.C. § 1132(a)(1)(B) (ERISA provides a civil enforcement mechanism for denial of benefits and clarification of rights under a plan).

9. ERISA is intended to ensure that employee benefit plan regulation remains "exclusively a federal concern." *Davila*, 542 U.S. at 209; *see also* 29 U.S.C. § 1132(a). As such, ERISA preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Davila*, 542 U.S. at 209.

10. Complete preemption prevents a plaintiff from avoiding removal by omitting necessary federal questions in her pleadings. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Thus, actions remain removable even when no federal question appears on the face of the plaintiff's complaint. *See id.* Claims that fall within the scope of the civil enforcement provisions of ERISA are removable to federal court and properly recharacterized as ERISA claims. *Id.* at 67.

11. When "Congress so completely preempts a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in character," removal is proper. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 958 (9th

Cir. 2002) (internal quotation and citation omitted). Here, Lenhardt's claims result from her participation in an ERISA plan. The Court has federal question jurisdiction when the legal duty implicated is dependent upon an ERISA plan. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (citation omitted).

12. More specifically, state-law claims are completely preempted when they meet the "*Davila* test." *Davila*, 542 U.S. at 210; *see Blair v. Young Phillips Corp.*, 158 F. Supp. 2d 654, 660-62 (M.D.N.C. 2001). This test asks (1) whether the plaintiff could have brought its claim under ERISA § 502(a)(1)(B) and (2) whether no other legal duty supports the plaintiff's claim. *Marin Gen. Hosp.*, 581 F.3d at 946 (citation omitted). Lenhardt's Second Amended Complaint meets both prongs of the *Davila* test.

13. First, ERISA allows a civil action to be brought in connection with a denial of benefits claim or for a clarification of rights under an ERISA plan. 29 U.S.C. § 1132(a)(1)(B). This is precisely the nature of the Montana Action. Second, as in *Davila*, Lenhardt's claims related to the Severance Plan implicate no legal duty that arises independently of ERISA because such claims only exist as a result of the ERISA plan. Thus, both parts of the *Davila* test are met.

14. Therefore, the Montana Action is within the federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.

15. For the reasons stated above, the Montana Action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

16. To the extent any portion of Lenhardt's Second Amended Complaint is not preempted by ERISA, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over such claims.

## VENUE

17. The District and Division embracing the place where the Montana Action is pending is the United States District Court for the District of Montana, Billings Division. *See* 28 U.S.C. §§ 106, 1441(a); Local Civil Rule 1.2(c)(1).

## PLEADINGS ATTACHED

18. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 3.3(a), true and correct copies of all process, pleadings, and orders on file in the Montana Action are attached as Exhibits A and B.

## PLAINTIFF AND STATE COURT TO BE NOTIFIED

19. Pursuant to 28 U.S.C. § 1446(d), Sysco will promptly provide written notice to Lenhardt of the removal in this action and will promptly file a copy of this Notice of Removal in the Montana Action.

## CONCLUSION

For the reasons discussed above, Sysco removes this action from the Thirteenth Judicial District Court of Montana, in Yellowstone County, Montana, to the United States District Court for the District of Montana, Billings Division.

Dated:  October 24, 2016.

            Respectfully submitted,

            *s/ Joshua B. Kirkpatrick*
            Joshua B. Kirkpatrick
            LITTLER MENDELSON, P.C.
            1900 Sixteenth Street
            Suite 800
            Denver, Colorado  80202
            Telephone:  (303) 629-6200
            Facsimile:  (303) 629-0200
            E-mail:  jkirkpatrick@littler.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the E-File system on this 24th day of October, 2016 and a correct copy of the foregoing has been mailed via U.S. postage pre-paid to: Charles R. Cashmore, Cashmore & Grant, P.C., 2722 3rd Avenue N., Ste. 321, Billings, MT 59101 on this 24th day of October, 2016.

            *s/ Joshua B. Kirkpatrick*
            Joshua B. Kirkpatrick

Firmwide:143545932.1 063236.1213