Charles R. Cashmore
Cashmore & Grant, P.C.
2722 3rd Avenue N., Ste. 321
Billings, MT 59101
(406) 245-2194

*Attorney for Plaintiff*

CLERK OF THE
DISTRICT COURT
KRISTIE LEE ROELTER

2016 AUG 12 PM 2 41

FILED

BY _____
DEPUTY

### MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY, MONTANA

| | |
|---|---|
| TRACY LENHARDT, | Case No.: DV 16-0904 |
| Plaintiff, | Judge: Russell C. Fagg |
| vs. | SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES AND JURY DEMAND |
| SYSCO CORPORATION, | |
| Defendant. | |

### COUNT I
### DECLARATORY JUDGMENT

Plaintiff alleges:

1.     This claim is brought under the Uniform Declaratory Judgments Act, §27-8-101, MCA, et seq.

2.     Plaintiff has been employed by Defendant for 22 years and the place of her employment is Billings, Yellowstone County, Montana, where she also resides.

3.     By letter dated April 7, 2016, Plaintiff was notified by Defendant that "as of July 2, 2016, your job will be eliminated".

4.     The letter advised Plaintiff that, in connection with the termination of her employment resulting from the elimination of her job, and in order to be eligible

# EXHIBIT B

1   for the severance benefits set forth in the letter, she would be required to execute a
2   Separation Agreement and General Release in a form to be provided to her at the
3   time of her exit from the company.

4       5.    The letter further advised her that the receipt of severance benefits are
5   contingent upon her adherence to her ongoing obligations to the company which,
6   among others, included "any existing non-competition agreement with the
7   Company" and that her failure to comply with restrictions on her post-employment
8   activities would entitle Defendant to cease any remaining severance benefits and
9   recoup a severance payment to be paid to her following her termination.

10       6.    While the Separation Agreement was not tendered to Plaintiff for
11   execution until after her exit from the Company, a sample of it was provided to her
12   for informational purposes purporting to contain the same or similar terms as the
13   actual agreement.

14       7.    The sample Separation Agreement provided and the actual Separation
15   Agreement tendered to her for execution provides, among other things, that any
16   prior agreements between Plaintiff and Defendant are superseded by the Separation
17   Agreement except any prior agreements related to "non-competition".

18       8.    A prior agreement related to non-competition, i.e., a covenant not to
19   compete, does exist between the parties. Attached to this Complaint as Exhibit A is
20   a document entitled Sysco Protective Covenants Agreement (RSU Grant) which is
21   utilized in connection with an incentive award of restricted stock units. At section
22   3.4 is found what amounts to a 1-year covenant not to compete which provides as
23   follows:

24       3.4. Restriction on Unfair Competition. Employee agrees that for a
25       period of one year following the end of Employee's employment with
    Company, Employee will not: accept a job that involves, participate in,
26       provide, supervise, or manage (as an employee, consultant, contractor,

1    officer, owner, director, or otherwise) any activities or services for a
2    Competitor that are the same as, or similar in function or purpose to,
     those Employee performed or participated in during the Look Back
3    Period on behalf of the Company. This restriction is limited to assisting
     in the business activities of a Competitor within the Restricted Territory.
4    This Paragraph is not intended to prohibit: (i) activities on behalf of an
     independently operated subsidiary, division, or unit of a diversified
5    corporation or similar business that has common ownership with a
     Competitor so long as the business of the independently operated
6    business unit does not involve a Conflicting Product or Service; or, (ii)
     a passive and non-controlling ownership interest in a Competitor
7    through ownership of less than 2% of the stock in a publicly traded
     company.

8

9    The letter notifying Plaintiff of the elimination of her job, the sample Separation

10   Agreement, and the actual Separation Agreement refer to and incorporate this

11   covenant not to compete and Defendant has otherwise confirmed and asserted to

12   Plaintiff that it deems the covenant not to compete in force, expects Plaintiff's

13   compliance with it, and will seek to enforce it should it deem Plaintiff in violation.

14          9.    Plaintiff, both personally and through counsel, has asked Defendant to

15   let her out of the non-competition agreement because her termination was

16   involuntary through no cause or misconduct on her part and it would be

17   unreasonable to hold her to the covenant under the circumstances. Defendant has

18   refused to do so.

19          10.   Most recently, Defendant has asserted that the filing of this

20   Declaratory Judgment Action seeking the Court's relief from the covenant as

21   unenforceable under Montana law constitutes a "threat to violate" the covenant and

22   stated that it "hereby rescinds" the offer of severance made to Plaintiff in the April

23   7, 2016, letter referred to in paragraphs 3 through 5 above.

24          11.   Plaintiff is in the process of seeking new employment in the wake of

25   Defendant's elimination of her job and the resulting involuntary termination of her

26   employment (without any cause attributable to her or any misconduct on her part)

1    and is exploring other opportunities in the industry which she and Defendant share.
2    She is encountering reluctance, or potentially lower pay, from prospective
3    employers as a result of the covenant not to compete and seeks to be free of the
4    restraint of the covenant, the enforcement of which she alleges to be unreasonable
5    under the circumstances.

6         12.    As a result of those matters alleged above, a controversy has arisen
7    between Plaintiff and Defendant relating to their rights, duties and obligations under
8    the subject covenant not to compete: Defendant claims that the covenant not to
9    compete is enforceable against Plaintiff; Plaintiff claims and herein alleges that the
10   covenant not to compete is unenforceable against her under the circumstances of
11   this case because Defendant elected to eliminate Plaintiff's job and effectively
12   terminated the employment relationship without any cause attributable to Plaintiff
13   or any misconduct on her part and that, under Montana law, Defendant lacks a
14   legitimate business reason to enforce the covenant. §28-2-703, MCA; *Wrigg v.*
15   *Junkermier, Clark, Campanella, Stevens, P.C.*, 2011 MT 290, 265 P.3d 646, 362
16   Mont. 496 (Mont., 2011).

COUNT II<br>INJUNCTIVE RELIEF

17

18

19        13.    Plaintiff realleges those matters set forth in Count I, above.

20        14.    By relying upon and asserting the covenant not to compete referred to
21   in paragraph 8, above; by failing to acknowledge that the covenant is unenforceable
22   under Montana law; by threatening to enforce the covenant against Plaintiff should
23   she obtain employment with a competitor; and by withholding her agreed upon
24   severance payment and other severance benefits by claiming that the filing of this
25   action constitutes a threat to violate her obligations to Defendant, Defendant has
26   breached and continues to breach its obligations to Plaintiff to refrain from

1    enforcing or threatening to enforce, either directly or indirectly, a legally
2    unenforceable covenant not to compete.

3    15.    As a result, Plaintiff has been and continues to be deprived of her
4    agreed upon severance pay and other severance benefits and has been and continues
5    to be impeded in her efforts to obtain employment by being limited to employment
6    with non-competitors of Defendant. Plaintiff has an employment opportunity with
7    a competitor of Defendant but is unable to fully pursue or consummate the
8    employment opportunity in the face of Defendant's threat to enforce the covenant
9    against her.

10    16.    Inasmuch as pecuniary compensation would be extremely difficult to
11    ascertain, particularly as to the impediment to her employment opportunities, and
12    that pecuniary compensation would not afford full and adequate relief, a
13    preliminary and permanent injunction should be granted enjoining Defendant from
14    directly or indirectly enforcing or threatening to enforce the covenant not to
15    compete, from withholding from Plaintiff the payment of agreed upon severance
16    payments and severance benefits, and from impeding or attempting to impede
17    Plaintiff's employment opportunities with any competitors of Defendant, all on the
18    grounds that the covenant not to compete that underlies these actions is legally
19    unenforceable under Montana law.

20                                    COUNT III
                                      DAMAGES
21

22    17.    As a result of those matters alleged in Counts I and II above, and the
23    actions of Defendant in threatening to enforce the covenant not to compete, Plaintiff
24    has sustained damages in the amount of the agreed upon severance pay and other
25    severance benefits withheld by Defendant and the loss of income and prospective
26    income she could reasonably be expected to earn if Defendant would acknowledge

1  and agree that the covenant not to compete is legally unenforceable under Montana
2  law and abandon its efforts to impede her employment opportunities including those
3  employment opportunities with a competitor. The amount of these damages and
4  potential damages, other than the agreed upon severance pay of $64,096.15, are
5  accruing and ongoing but not yet quantifiable.

6       WHEREFORE, Plaintiff prays for judgment as follows:

7       1.    For a judgment declaring and adjudicating the respective rights and
8  obligations of the parties with respect to the covenant not to compete and further
9  declaring that Montana law applies to this action (see *Myers v. Howmedica*
10  *Osteonics Corp.,* Dist. Court, D. Montana 2016 No. CV 14-248-M-DLC) and that,
11  under Montana law, the covenant is unenforceable against Plaintiff either directly
12  or indirectly under the circumstances of this case; that Defendant may not treat
13  Plaintiff's filing of this action as a violation of or threat to violate the covenant; that,
14  under the severability provisions of the contracts and agreements which contain,
15  refer to, or incorporate the covenant, those contracts and agreements remain in force
16  without the covenant; that Plaintiff is entitled to the severance benefits offered to
17  her in the April 7, 2016, letter referred to in paragraph 3 of Plaintiff's Amended
18  Complaint; and that the parties shall execute the Separation Agreement after it is
19  amended to reflect that the covenant does not apply.

20       2.    For a temporary and permanent injunction enjoining Defendant from
21  directly or indirectly enforcing or threatening to enforce the covenant not to
22  compete; from withholding the payment of agreed upon severance payments and
23  severance benefits from Plaintiff, and from preventing or attempting to prevent
24  Plaintiff's employment opportunities with any competitors of Defendant, all on the
25  grounds that the covenant not to compete that underlies Defendant's actions is not
26  legally enforceable under Montana law.

1       3.     For damages in the amount of $64,096.15 together with such other and

2 further damages that Plaintiff may sustain.

3       4.     For prejudgment interest on the severance pay withheld.

4       5.     For Plaintiff's costs and attorney's fees as provided for in the covenant.

5       6.     For such other and further relief as the Court deems proper, including

6 such supplemental relief under §27-8-313, MCA, as the Court may deem necessary.

7     Dated this _12th_ of August, 2016.

CASHMORE & GRANT, P.C.
Attorneys for Plaintiff

By: _Charles R. Cashmore_
      Charles R. Cashmore

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.